## Lower Saucon Township v. Rasich

*Donald Corriere,* for petitioner.
*Alfred Antonelli,* for respondent.

GRIFO, *J.*, January 11, 1978 — This matter is before the court on a petition for a declaratory judgment. Petitioner, Lower Saucon Township, seeks a ruling that respondent, George E. Rasich, may not serve as a councilman of said township, and contemporaneously serve as full-time policeman on the township police force. Respondent seeks to retain both positions.

Initially, we note that the common law power of the courts to declare public offices incompatible has been abrogated in Pennsylvania by Article VI, sec. 2 of the Constitution of Pennsylvania, which provides in part that: "The General Assembly may by law declare what offices are incompatible." This section has been broadly construed to mean that only the legislature may declare public offices to be incompatible, and that the courts may not intrude upon that domain even where the legislature has not acted: Com. ex rel. Fox v. Swing, 409 Pa. 241, 186 A. 2d 24 (1962); Com. ex rel. Schermer v. Franek, 311 Pa. 341, 166 Atl. 878 (1933).

That aside, we conclude that respondent herein may not occupy the dual public offices at issue, and that the legislature has so determined.

Lower Saucon Township is a township of the second class. As such, it has chosen to be governed by the council-manager form of government, as provided in Article VIII of the Home Rule Charter and Optional Plans Law of April 13, 1972, P.L. 184, as amended, 53 P.S. §1-801 et seq. Article XII— General Provisions Common to Optional Plans, section 1-1261, provides that:

"Whenever the electors of a municipality adopt any of the optional plans provided by this act at any election for that purpose, such municipality shall be governed under the provisions of such plan, the

provisions of general law applicable to that class of municipality and this act from the first Monday in January following the next succeeding municipal election, except as provided in section 213 (c) of this act."

The "general law" applicable to a second class township is, of course, The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65101 et seq. Section 410 of The Second Class Township Code, 53 P.S. §65410, provides that: "Except as provided in section 514, no supervisor shall at the same time hold any other elective or appointive township office or position other than township roadmaster or secretary-treasurer."[1] This last section, then, is the legislative declaration of incompatibility required by the Constitution and the case law.

In so declaring, the legislature undoubtedly aspired to protect against the conflicts of interests which inevitably arise where a municipal supervisor also serves as a municipal employe. In the instant case, such a state of affairs would mean that the township manager, who hires and fires employes, and who, in turn, is hired and fired by the council, would find himself in the compromising position of being both subordinate and superior to the same man. As such, his performance as manager could not help but be affected. To say that respondent qua councilman could abstain from voting in any decisions affecting respondent qua

---

1. Section 514 does not apply to this action. The "Definitions" section of the Optional Plans Law, §1-102, defines "councilman" as "county commissioner, city councilman, borough councilman, town councilman, township commissioner in a township of the first class, and *supervisor in a township of the second class*." (Emphasis supplied.)

policeman is to avoid the issue. The efficient functioning of the township government requires the unfettered participation of three councilmen. The deep personal interest of any member of council in the outcome of major township decisions could not be nullified merely by his forbearing to vote.

Thus, we conclude that the legislature has declared that respondent herein may not sit as township councilman and at the same time serve on the township police force.

Wherefore, we enter the following

## DECLARATORY JUDGMENT

And now, January 11, 1978, it is decreed that respondent must resign from his position either as township councilman or as policeman on the township police force.